```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                    CRIMINAL NO. 2:18-cr-00284

**PAMELA TAYLOR**

### SENTENCING MEMORANDUM OF THE UNITED STATES

The United States hereby submits this sentencing memorandum.

### INTRODUCTION

Defendant Pamela Taylor pleaded guilty to one count of fraud in connection with a major disaster or emergency benefits in violation of 18 U.S.C. § 1040. A sentence of imprisonment within the 8-14 month guideline range is appropriate in light of the nature of the offense and the need to deter fraud relating to disaster benefits.

**I.  Objections to Presentence Report**

The United States has no outstanding objections to the Presentence Report.

**II. 18 U.S.C. § 3553(a) Factors**

**(1) The Nature and Circumstances of the Offense**

The nature and circumstances of the offense are serious, and warrant a sentence of imprisonment within the guideline range.

After the June 2016 Clay County flood, Ms. Taylor lied to FEMA in order to receive disaster relief and emergency benefits. On July 20, 2016, the Ms. Taylor told FEMA that her primary residence was damaged by the flood and that she was currently staying at a new rental unit. This was false: Ms. Taylor's primary residence had not been damaged, and she was still living at that residence. Shortly thereafter, Ms. Taylor sent FEMA information about a different property she falsely claimed was her primary residence – a small house on the Elk River. In October 2016, the Defendant also submitted false information to FEMA about a contractor's purported visit to the Elk River property. These knowingly false statements induced FEMA to provide the Defendant $18,149.04 in undeserved federal emergency benefits.

**(2) The History and Characteristics of the Defendant**

Ms. Taylor's history and characteristics tend to show that she has previously been generally law abiding, has served the community in her professional life, and plays an important role in caring for her family.

Ms. Taylor is 57 years old, is married, has one child, has custody of two grandchildren, and helps care for three other grandchildren. Between 1989 and 2016, the Defendant worked for the Clay County Development Corporation. The Defendant has zero criminal history points and the Defendant's only previous criminal conviction was a seat belt violation in 2011.

**(3) The Seriousness of the Offense, Promotion of Respect for the Law, and Provision of Just Punishment**

Federal emergency benefits are meant to help people whose lives have been severely effected by a major disaster. Ms. Taylor's fraud misappropriated taxpayer dollars, reduced monies available to true victims, and potentially eroded public confidence in relief programs. A sentence of imprisonment within the guideline range would be a just punishment, particularly because Ms. Taylor's fraud reduced resources available to the truly needy.

**(4) Adequate Deterrence**

Natural disasters — and particularly floods — are a continuing problem in West Virginia, making deterrence of emergency benefits fraud a crucial consideration in this case. Deterrence would be best served through a sentence of imprisonment.

"Flooding is a constant threat in West Virginia. In the past 10 years, West Virginia has received over 20 federal disaster declarations, the vast majority of which are for flooding events."[1] Moreover, in the future, "the number and intensity of extreme precipitation events are . . . projected to increase. These events will likely lead to greater flood risk."[2]

---

[1] Press Release, FEMA, FEMA Integration Team Launches in West Virginia (May 13, 2019) *available at* http://www.fema.gov/news-release/2019/05/13/fema-integration-team-launches-west-virginia.

[2] State Summaries: West Virginia, NOAA National Centers for Environmental Information 3 *available at* https://statesummaries.ncics.org/downloads/WV-screen-hi.pdf.

Major floods and accompanying emergency benefits are likely to recur. Moreover, disaster fraud is a major problem that costs U.S. taxpayers billions, and is especially difficult to detect because FEMA and other agencies must provide rapid relief to victims after a major and disasters.[3]

The Court should impose a sentence that will deter those, like Ms. Taylor, who would seek to exploit such emergencies for personal gain. A sentence of imprisonment within the guidelines range would send a message that disaster benefits fraud is a crime that Courts take seriously.

### (5) Protection of the Public from Further Crimes

In light of Ms. Taylor's lack of criminal record, this factor need not weigh heavily in determining a sentence.

### (6) Provision of Training, Medical Care, or Treatment

Ms. Taylor does not report a need for training, significant medical care, or treatment. Accordingly, this factor need not weigh heavily in determining a sentence.

### (7) Pertinent Policy Statements

A sentence of imprisonment within the Guidelines range would be consistent with the Guidelines' policy statements.

---

[3] Disaster Fraud, National White Collar Crime Center (June 2016) *available at* https://www.nw3c.org/docs/research/disaster-fraud.pdf.

## (8) The Sentencing Range and Available Sentences

Ms. Taylor's guidelines imprisonment range is 8-14 months and she falls within Zone B of the sentencing table. As a Zone B offender, "the minimum term" may be satisfied by imprisonment, or a term of supervised release that includes home confinement or detention, "provided that at least one month is satisfied by imprisonment." U.S.S.G. § 5C1.1(c). As a Class B Felon, Ms. Taylor is not eligible for probation. *See* 18 U.S.C. § 3561.

The Guidelines also state that because Ms. Taylor is a non-violent first-time offender, the Court should "consider" imposing a sentence other than imprisonment. U.S.S.G. § 5C1.1, Commentary Note 4. As discussed above, however, the nature of Ms. Taylor's crime and the need to deter other potential offenders strongly supports a sentence of imprisonment in this case.

## (9) The Need to Avoid Unwarranted Disparities

A guidelines range sentence would meet this objective.

## (10) Restitution

Ms. Taylor has agreed to repay $18,149.04 to the Federal Emergency Management Agency.

## III. Witnesses/Length of Hearing

The United States does not intend to call any witnesses. The sentencing hearing will likely last approximately 45 minutes.

## **Conclusion**

A sentence of imprisonment would meet the statutory objectives of sentencing and would be appropriate herein.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney


By: /s/ Stefan J. O. Hasselblad
STEFAN J. O. HASSELBLAD
Assistant United States Attorney
District of Columbia Bar No. 10450709
300 Virginia Street, East
Charleston, WV 25301
Phone: 304-340-7857
Fax: 304-347-5104
Email: stefan.hasselblad@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 15th day of May, 2019, to:

>Tim Carrico
>105 Capitol Street
>Suite 300
>Charleston, West Virginia 25301
>tcarrico@carricolaw.com

>By: /s/ Stefan J. O. Hasselblad
>STEFAN J. O. HASSELBLAD
>Assistant United States Attorney
>District of Columbia Bar No. 10450709
>300 Virginia Street, East
>Charleston, WV 25301
>Phone: 304-340-7857
>Fax: 304-347-5104
>Email: stefan.hasselblad@usdoj.gov