## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT WEST VIRGINIA
### Charleston Division

**UNITED STATES OF AMERICA,**

v.                                       CASE NO.   2:18-cr-00284

**PAMELA TAYLOR.**

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Pamela Taylor, submits this memorandum outlining the various 18 U.S.C. § 3553(a) factors for the Court's consideration at her upcoming May 30, 2019, sentencing hearing.

**A.      No Legal Objections:**

On February 13, 2019, Mrs. Taylor pled guilty to a one count information which charges her with a violation of 18 U.S.C. § 1040 fraud in connection with major disaster or emergency benefits.  The statutory maximum penalty is (30) thirty years of incarceration and a $500,000.00 fine.

Mrs. Taylor's advisory guideline range falls within Zone B of the sentencing table at 8 to 14 months incarceration, and a recommended fine of $4,000 to $40,000.  Her total offense level is 11.  Her criminal history category is level I at zero criminal history points.  The applicable guideline is U.S.S.G. § 2B1.1.  The advisory guidelines advise a term of supervised release for two to five years.

Importantly, because Mrs. Taylor falls within Zone B of the sentencing table the guidelines advise that the minimum term of imprisonment of 8 months may be satisfied by home confinement provided that at least one month is satisfied by imprisonment. U.S.S.G. § 5C1.1  However, under comment n. 4 of § 5C1.1 the guidelines advise that the Court should consider a sentence

alternative to imprisonment in this case because Mrs. Taylor is a "nonviolent first offender".

Mrs. Taylor asserts no legal objections to the PSR.

**B.      18 U.S.C. §3553(a) Factors:**

Mrs. Taylor, a nonviolent first offender, respectfully asserts that a guideline sentence of imprisonment that includes a term of supervised release with a condition that substitutes home detention of sufficient duration to satisfy the minimum term of her advisory guideline range will be sufficient but not greater than necessary to comply with the sentencing goals.

**The nature and circumstances of the offense
and the history and characteristics of the defendant.**

Mrs. Taylor fraudulently obtained FEMA benefits totaling $18,149.04. At the commencement of the investigation she timely acknowledged her unlawful conduct to law enforcement. She gave a signed statement acknowledging her unlawful conduct. She timely signed and entered a guilty plea by way of a felony information. She then timely paid full restitution to the Court.

Mrs. Taylor is 57 years old. She has been married for almost 25 years. She has one living daughter. Her other daughter was murdered by her boyfriend in 2005. After shooting Mrs. Taylor's daughter, the boyfriend shot himself committing suicide. Mrs. Taylor's deceased daughter had two children at the time of her death, Brooklyn Burford, age 16, and Taylor Burford. Mr. Taylor has raised both children.

Mrs. Taylor suffers from osteoarthritis in both knees and is in need of a knee replacement. She suffers from high blood pressure and seasonal allergies. She receives Euflexxa injections. She receives spine wellness therapy.

Mrs. Taylor as suffered from emotional issues since her daughter's death. She was

diagnosed with depression.

Mrs. Taylor has been gainfully employed most of her adult life. She has no criminal history. She has been a law abiding citizen her entire life other than the instant offense.

**The need for the sentence to reflect the seriousness of the offense,
to promote respect for the law, and to provide just punishment for the offense.**

Based on Mrs. Taylor's history a sentence providing for 8 months of home detention as well as supervised release, a fine, and full restitution will promote respect for the law and just punishment. Moreover, the sentencing commission specifically advises such a sentence in this case.

**The need for the sentence to afford adequate deterrence to criminal conduct.**

The sentence requested by Mrs. Taylor will deter criminal conduct of others in light of the fact that she is a nonviolent first offender.

**The need for the sentence to protect the
public from further crimes of the defendant.**

Mrs. Taylor is not a danger to commit further crime. Her conduct since the commencement of the investigation establishes that she will comply with the terms and conditions of home confinement. She has complied with the terms of her bond and paid full restitution as well as her assessment.

**The need for the sentence to provide the defendant with needed educational or vocational
training, medical care, or other correctional treatment in the most effective manner.**

N/A.

**The kinds of sentences available.**

Home incarceration sufficient to satisfy the minimum term of her guideline along with supervised release and a fine.

**The kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set for in the guidelines issued by the sentencing commission that are in effect on the date the defendant is sentenced.**

See PSR.

**Any pertinent policy statements**

Comment 4 to § 5C1.1, nonviolent first offender.

**The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

The sentence requested by Mrs. Taylor will not cause an unwarranted disparity among defendants with similar records who have been found guilty of similar conduct.

**The need to provide restitution to any victims of the offense.**

Mrs. Taylor paid full restitution of $18,149.04 to the clerk on February 25, 2019.

In conclusion, Mrs. Taylor respectfully submits that the sentencing factors under 18 U.S.C. § 3553(a) warrant consideration of a sentence that does not include imprisonment.   .

Respectfully submitted this 15th day of May, 2019.

                                          **PAMELA TAYLOR**
                                          **DEFENDANT**

**By Counsel**

/s/ Tim C. Carrico_____
**Tim C. Carrico, Esq. (WVSB #6771)**
**CARRICO LAW OFFICES, LC**
**105 Capitol Street, Ste 300**
**Charleston, West Virginia 25301**
**Phone:   (304) 347-3800**
**Fax: (304) 347-3688**